UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CRISTAL MORENO AGUILAR, as Independent Administrator of the Estate of RENEYDA AGUILAR-HURTADO, deceased, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| vs. | ) ) | |
| DUPAGE COUNTY; DUPAGE COUNTY SHERIFF JAMES MENDRICK, in his official capacity; AMY LANENGA; and AARON ATIENZA, | ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF'S COMPLAINT AT LAW**

NOW COMES Plaintiff, CRISTAL MORENO AGUILAR, as Independent Administrator of the Estate of RENEYDA AGUILAR-HURTADO, deceased by and through her attorneys, FAKLIS, TALLIS & MEAD, PC, and complaining of the Defendants, DUPAGE COUNTY; DUPAGE COUNTY SHERIFF JAMES MENDRICK, in his official capacity; AMY LANENGA; and AARON ATIENZA, and alleges and states as follows:

**JURISDICTION AND VENUE**

1. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Eighth and Fourteenth Amendments of the Constitution of the United States to redress the deprivation under the color of law of Plaintiff's rights as secured by the United States Constitution.

1

Case: 1:23-cv-04547 Document #: 1 Filed: 07/13/23 Page 2 of 17 PageID #:2

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has supplementary jurisdiction of Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b), as the events giving rise to Plaintiffs' claims occurred in DuPage County, Illinois, located in the Northern District, Eastern Division.

## PARTIES

4. Reneyda Aguilar-Hurtado, deceased, was a 50-year-old resident of Addison, Illinois. Ms. Aguilar-Hurtado was the mother of the Plaintiff, Cristal Morena Aguilar, who is the duly-appointed Administrator of her estate and who brings this suit.

5. At the time of the events at issue in this case, Ms. Aguilar-Hurtado was an inmate of the DuPage County Jail in Wheaton, Illinois.

6. At all times relevant to the events at issue in this case, Defendant, JAMES MENDRICK, was employed by the DuPage County Sheriff's Department in the capacity of Sheriff, acting under the color of state law.

7. Defendant Mendrick was an elected official in charge of the DuPage County Jail. At all times relevant to the events at issue in this case, Defendant Mendrick promulgated rules, regulations, policies, and procedures as Sheriff of DuPage County for the provision of certain medical care by medical personnel and correctional officers to detainees at the DuPage County Jail. Defendant Mendrick also promulgated rules, regulations, policies and procedures for the training, supervision and discipline of correctional officers with respect to providing or failing to provide medical attention to detainees and alerting or failing to alert medical personnel of detainee's medical needs. Defendant Mendrick's policies were implemented by and through Jail

employees. Defendant Mendrick had the responsibility and authority to ensure that Plaintiff was not denied due process, to ensure that Plaintiff lived under humane conditions free from unreasonable risk of injury and was provided necessary medical treatment and was responsible for the hiring, training and supervision of all deputies and officers of the DuPage County Sheriff's Department. As the Sheriff of DuPage County, Defendant Mendrick was the policymaker for the DuPage County Sheriff's Department and the DuPage County Jail.

8. On or about June of 2023, and at all times relevant to the events at issue in this case, defendant, AMY LANENGA, was employed by the DuPage County Sheriff's Department and worked at the DuPage County Jail as a correctional officer. As such, Defendant Lanenga was acting under the color of law.

9. On or about June of 2023, and at all times relevant to the events at issue in this case, defendant, AARON ATIENZA, was employed by the DuPage County Sheriff's Department and DuPage County and worked at the DuPage County Jail as a nurse. As such, Defendant Atienza was acting under the color of law.

10. On or about June of 2023, and at all times relevant to the events at issue in this case, Unnamed Employees of the DuPage County Sheriff's Department worked at DuPage County Jail. As such, these defendants were acting under color of law.

5. Defendant, DUPAGE COUNTY, is the public entity and duly incorporated municipal corporation responsible for the DuPage County Jail and is joined in this action pursuant to Carver v. Sheriff of LaSalle County 145 Ill.2d R.20 (7th Cir. 2003) and pursuant to respondeat superior for Plaintiff's state law claims.

## GENERAL ALLEGATIONS AND FACTS

6. The decedent, Reneyda Aguilar-Hurtado, died while she was detained at the DuPage County Jail on June 12, 2023.

7. On or about March 19, 2023, Reneyda Aguilar-Hurtado was arrested in relation to an misdemeanor battery charge and subsequently became detained in the DuPage County Jail.

8. Reneyda Aguilar-Hurtado suffered from schizophrenia and the named defendants, and other Unnamed Employees of the DuPage County Sheriff's Department, were informed and knew, or should have known, that Ms. Aguilar-Hurtado suffered from schizophrenia and displayed signs and symptoms of schizophrenia during the time she was detained at the DuPage County jail.

9. On and prior March 31, 2023, Dr. Tara Fullmer of the DuPage County Probation and Court Services Department conducted an evaluation of Reneyda Aguilar-Hurtado and found her to be unfit to plea or stand trial due to her mental illness.

10. On April 10, 2023, Judge Paul A. Marchese of the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois entered an order finding Reneyda Aguilar-Hurtado to be mentally disabled and unfit to plea or stand trial and ordering for Ms. Aguilar-Hurtado to be transferred for placement by Illinois Department of Human Services for mental health treatment. However, Ms. Aguilar-Hurtado remained at the DuPage County jail up until her death on June 12, 2023.

11. On and after April 10, 2023, defendants and other Unnamed Employees of the DuPage County Sheriff's Department were informed and knew, or should have known, that Reneyda Aguilar-Hurtado was deemed mentally disabled.

12. Upon information and belief, on or about June 3, 2023, Reneyda Aguilar-Hurtado displayed visible signs of dehydration and malnutrition including cracked lips, shaking hands, sunken eyes and cheeks, fatigue, difficulty speaking and weight loss.

13. On or about June 3, 2023, the Plaintiff, CRISTAL MORENO AGUILAR, requested for Unnamed Employees of the DuPage County Sheriff's Department and of the Defendant James Mendrick at the DuPage County Jail to provide water for the plaintiff's decedent Reneyda Aguilar-Hurtado because she appeared dehydrated and voiced complaints about not having water. The Unnamed Employees refused.

14. Upon information and belief, on or about June 9, 2023, Reneyda Aguilar-Hurtado was found sitting on the floor in a pool of vomit. She was then placed on 15-minute medical watch.

15. Upon information and belief, on or prior to June 9, 2023, Reneyda Aguilar-Hurtado was observed by Unknown Employees of the DuPage County Sheriff's Department to be vomiting blood.

16. Upon information and belief, on or about June 9, 2023, Reneyda Aguilar-Hurtado was unable to walk on her own and had to be wheeled into her cell. Defendants observed Ms. Aguilar-Hurtado being wheeled into her cell. Prior to being incarcerated, Ms. Aguilar-Hurtado had no difficulty walking.

17. On and prior to June 12, 2023, Reneyda Aguilar-Hurtado was not eating nor drinking regularly and had difficulty eating and drinking on her own. Defendants knew that Ms. Aguilar-Hurtado was not eating or drinking.

18. On June 11 and June 12, 2023, Reneyda Aguilar-Hurtado ate and drink very little food and water, if any. Defendants knew that Ms. Aguilar-Hurtado ate and drink very little food and water, if any.

19. Upon information and belief, on June 11, 2023, Reneyda Aguilar-Hurtado was found by DuPage County Sheriff's Department employees to be sitting in her own feces. Defendants Atienza and Lanenga, and other Unnamed Employees of the DuPage County Sheriff's Department, observed Ms. Aguilar-Hurtado sitting in her own feces and/or knew that she had been observed sitting in her own feces.

20. On the morning of June 12, 2012, Reneyda Aguilar-Hurtado was found to be unresponsive by DuPage County Sheriff's Department employees. She was transferred to Northwestern Medicine Central DuPage Hospital and pronounced dead.

21. On July 5, 2023, Cristal Moreno Aguilar was appointed the Independent Administrator of the Estate of Reneyda Aguilar-Hurtado. (Order attached as Exhibit 1).

**COUNT I**
**42 U.S.C. § 1983**
**(Denial of Medical Care)**
**Against Defendants AMY LANENGA, Aaron Atienza, DuPage County Sheriff James Mendrick, in his official capacity and DuPage County**

22. Plaintiff, CRISTAL MORENO AGUILAR, as Independent Administrator of the Estate of RENEYDA AGUILAR-HURTADO, deceased, repeats the allegations in paragraphs 1 through 21 as if fully set forth herein.

23. On information and belief, at all relevant times, Defendants were responsible for the care and humane treatment of inmates at DuPage County Jail. Defendants were also responsible for the taking care of Plaintiff by getting necessary treatment and health care to the inmates at DuPage County Jail.

24. As described more fully above, Defendants, and other Unnamed Employees of the DuPage County Sheriff's Department, had notice of Reneyda Aguilar-Hurtado's medical need and the seriousness of her medical need, and they failed to provide her with the necessary medical attention, allowed her physical and mental condition to deteriorate in the days and weeks leading up to her death, and let her to die in her cell, in violation of the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

25. The misconduct described in this count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of others.

26. Alternatively, Defendants were deliberately indifferent to the Reneyda Aguilar-Hurtado's objectively serious medical needs, and their acts were undertaken intentionally with malice, willfulness, and deliberate indifference to the rights of others.

27. As a result of the unjustified and unconstitutional conduct of the Defendants, the Plaintiff's decedent, Reneyda-Aguilar-Hurtado, experienced pain, suffering, emotional distress, injury and ultimately death.

28. The misconduct described above was undertaken pursuant to the policy and practice of Defendants, DUPAGE COUNTY and DUPAGE COUNTY SHERIFF JAMES MENDRICK, in that:

(a) As a matter of both policy and practice, the Defendants directly encourage the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and their failure to do so constitutes deliberate indifference.

(b) As a matter of both policy and practice, Defendants facilitate the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Defendants' officers to believe their actions will never be scrutinized and, in that way, directly encourage future abuse such as those directed at Plaintiff.

(c) As a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Defendants engage in actions similar to those alleged in this Complaint.

(d) Defendants have failed to act to remedy the patterns of abuse described in the preceding subparagraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

29. As a proximate result of the policies and practices by the Defendants, the Plaintiff's decedent, Reneyda Aguilar-Hurtado, experienced pain, suffering, emotional distress, injury and ultimately death.

30. Defendants are liable to Plaintiff under 42 U.S.C. § 1983.

**COUNT II**
**42 U.S.C. § 1983**
**(Failure to Intervene)**
**Against Defendants Amy Lanenga, Aaron Atienza, DuPage County Sheriff James Mendrick, in his official capacity and DuPage County**

31. Plaintiff, CRISTAL MORENO AGUILAR, as Independent Administrator of the Estate of RENEYDA AGUILAR-HURTADO, deceased, repeats the allegations in paragraphs 1 through 30 as if fully set forth herein.

32. As described more fully above, one or more Defendants, and other Unnamed Employees of the DuPage County Sheriff's Department, had a reasonable opportunity to prevent the violation of Reneyda Aguilar-Hurtado's constitutional right as set forth above had they been so inclined, but failed to do so.

33. Defendants' actions were undertaken intentionally, with malice and reckless indifference to Reneyda Aguilar-Hurtado's rights.

34. As a direct and proximate result of the misconduct described in this Count, Reneyda Aguilar-Hurtado's rights were violated and she suffered injuries, including pain, mental suffering, emotional distress and death.

35. Reneyda Aguilar-Hurtado's injuries were caused by employees of the DuPage County Sheriff's Department, including the named Defendants, who acted pursuant to the policies and practices of the DuPage County Sheriff.

## COUNT III
### (State Law Wrongful Death - Negligence)
**Against Defendants Amy Lanenga, Aaron Atienza, DuPage County Sheriff James Mendrick, in his official capacity and DuPage County**

36. Plaintiff repeats the allegations in paragraphs 1 through 35 as if fully set forth herein.

37. At all relevant times, the Defendants, DUPAGE COUNTY SHERIFF JAMES MENDRICK, AMY LANENGA, and AARON ATIENZA, had a duty to use reasonable care to those who are arrested and incarcerated for the preservation of their prisoner's health and life.

38. At all relevant times, the Defendants, DUPAGE COUNTY SHERIFF JAMES MENDRICK and DUPAGE COUNTY, had a duty to properly train and supervise the employees of the DuPage County Sheriff's Department at the DuPage County Jail, to ensure that they provided for their prisoner's health, recognized urgent and life-threatening medical conditions, provided and allowed for appropriate medical care for urgent and life-threatening conditions and recognized and promptly responded to life-threatening medical emergencies in prisoners.

39. At time of the conduct described in this Complaint, Defendant Lanenga was acting as a duly-authorized agent of Defendants, DUPAGE COUNTY SHERIFF JAMES MENDRICK and DUPAGE COUNTY within the scope of her employment.

40. At time of the conduct described in this Complaint, Defendant Atienza was acting as a duly-authorized agent of Defendants, DUPAGE COUNTY SHERIFF JAMES MENDRICK and DUPAGE COUNTY within the scope of his employment.

41. At the time and place aforesaid, the Defendants, DUPAGE COUNTY, DUPAGE COUNTY SHERIFF JAMES MENDRICK, AMY LANENGA, and AARON ATIENZA, and their agents, and employees, were then and then guilty of the following negligent acts and/or omissions:

   a. Ignoring, delaying and disregarding Reneyda Aguilar-Hurtado urgent and life-threatening medical condition and allowing her to die in her cell;

   b. Failing to provide or obtain medical attention for Reneyda Aguilar-Hurtado's patent and obvious urgent and life-threatening medical condition while she was detained in the jail and allowing her to die in her cell;

   c. Failing to properly train and supervise employees to identify persons with serious medical needs and to make sure that serious and urgent medical needs are promptly addressed;

   d. Failed to implement training, policies and procedures to ensure that emergency medical needs of prisoners were promptly addressed; and

   e. Failing to properly train and supervise employees to preserve and protect the life and well-being of detainees with serious mental illness.

42. As a direct and proximate result of the aforesaid acts by the aforesaid by Defendants, and their agents and employees, the Plaintiff's decedent, Reneyda Aguilar-Hurtado, died on June 12, 2033.

43. On July 5, 2023, the Plaintiff, CRISTAL MORENO AGUILAR, was appointed Independent Administrator of the Estate of Reneyda Aguilar-Hurtado. (Order attached as Exhibit 1, Letters of Office attached as Exhibit 2).

44. The Plaintiff's decedent, Reneyda Aguilar-Hurtado, left as surviving heirs Cristal Moreno Aguilar (adult daughter) and Giovanni Moreno Aguilar (minor son) who have suffered pecuniary loss, loss of society, grief and sorry by reason of said death.

45. Plaintiff and the heirs of the decedent claim damages under the Illinois Wrongful Death Act, 740 ILCS 180/1.

## COUNT IV
### (State Law Wrongful Death - Willful and Wanton)
### Against Defendants Amy Lanenga, Aaron Atienza, DuPage County Sheriff James Mendrick, in his official capacity and DuPage County

46. Plaintiff repeats the allegations in paragraphs 1 through 45 as if fully set forth herein.

47. The actions of the Defendants, and their agents and employees, were willful and wanton in that they demonstrated an utter indifference to the safety of others. Defendants were conscious and aware that an injury or death would probably result from the above-described course of action and recklessly disregarded the consequences of those actions.

48. At the time and place aforesaid, the Defendants knew that the plaintiff was in need of immediate medical care and denied him medical care.

49. At the time and place aforesaid, the Defendants, DUPAGE COUNTY, DUPAGE COUNTY SHERIFF JAMES MENDRICK, AMY LANENGA, and AARON ATIENZA, and their agents, and employees were then and then guilty of the following willful and wanton acts and/or omissions:

   a. Ignoring, delaying and disregarding Reneyda Aguilar-Hurtado urgent and life-threatening medical condition and allowing her to die in her cell;

   b. Failing to provide or obtain medical attention for Reneyda Aguilar-Hurtado's patent and obvious urgent and life-threatening medical condition while she was detained in the jail and allowing her to die in her cell;

   c. Failing to properly train and supervise employees to identify persons with serious medical needs and to make sure that serious and urgent medical needs are promptly addressed;

   d. Failed to implement training, policies and procedures to ensure that emergency medical needs of prisoners were promptly addressed; and

   e. Failing to properly train and supervise employees to preserve and protect the life and well-being of detainees with serious mental illness.

11

50. As a direct and proximate result of the aforesaid acts by the aforesaid by Defendants, and their agents and employees, the Plaintiff's decedent, Reneyda Aguilar-Hurtado, died on June 12, 2033.

51. On July 5, 2023, the Plaintiff, CRISTAL MORENO AGUILAR, was appointed Independent Administrator of the Estate of Reneyda Aguilar-Hurtado. (Order attached as Exhibit 1, Letters of Office attached as Exhibit 2).

52. The Plaintiff's decedent, Reneyda Aguilar-Hurtado, left as surviving heirs Cristal Moreno Aguilar (adult daughter) and Giovanni Moreno Aguilar (minor son) who have suffered pecuniary loss, loss of society, grief and sorry by reason of said death.

53. Plaintiff and the heirs of the decedent claim damages under the Illinois Wrongful Death Act, 740 ILCS 180/1.

**COUNT V**
**(State Law Survival Act - Negligence)**
**Against Defendants Amy Lanenga, Aaron Atienza, DuPage County Sheriff James Mendrick, in his official capacity and DuPage County**

54. Plaintiff repeats the allegations in paragraphs 1 through 45 as if fully set forth herein.

55. That as a direct and proximate result of one or more of the aforesaid negligent acts or omissions the Defendants, and their agents and employees, Plaintiff's decedent, Reneyda Aguilar-Hurtado, was caused to suffer pain and suffering prior to her death.

56. Plaintiff claims damages under the Illinois Survival Act, 755 ILCS 5/27-6.

**COUNT VI**
**(State Law Survival Act - Willful and Wanton)**
**Against Defendants Amy Lanenga, Aaron Atienza, DuPage County Sheriff James Mendrick, in his official capacity and DuPage County**

57. Plaintiff repeats the allegations in paragraphs 1 through 53 as if fully set forth herein.

58. That as a direct and proximate result of one or more of the aforesaid willful and wanton acts or omissions the Defendants, and their agents and employees, Plaintiff's decedent, Reneyda Aguilar-Hurtado, was caused to suffer pain and suffering prior to her death.

59. Plaintiff claims damages under the Illinois Survival Act, 755 ILCS 5/27-6

## COUNT VII
**(State Law Family Expense Act - Negligence)**
**Against Defendants Amy Lanenga, Aaron Atienza, DuPage County Sheriff James Mendrick, in his official capacity and DuPage County**

60. Plaintiff repeats the allegations in paragraphs 1 through 45 as if fully set forth herein.

61. That as a direct and proximate result of one or more of the aforesaid negligent acts or omissions the Defendants, and their agents and employees, Plaintiff's decedent, Reneyda Aguilar-Hurtado, and her family and heirs were caused to incur doctor, hospital and other medical expenses and funeral and burial expenses.

62. Plaintiff claims damages under the Illinois Family Expense Act, 750 ILCS 65/15.

## COUNT VIII
**(State Law Family Expense Act - Willful and Wanton)**
**Against Defendants Amy Lanenga, Aaron Atienza, DuPage County Sheriff James Mendrick, in his official capacity and DuPage County**

63. Plaintiff repeats the allegations in paragraphs 1 through 53 as if fully set forth herein.

64. That as a direct and proximate result of one or more of the aforesaid willful and wanton acts or omissions the Defendants, and their agents and employees, Plaintiff's decedent,

Reneyda Aguilar-Hurtado, and her family and heirs were caused to incur doctor, hospital and other medical expenses and funeral and burial expenses.

65. Plaintiff claims damages under the Illinois Family Expense Act, 750 ILCS 65/15.

## COUNT IX
### (Indemnification against Defendant DuPage County)

66. Plaintiff repeats the allegations in paragraphs 1 through 65 as if fully set forth herein.

67. Pursuant to 745 ILCS 10/9-102 and 55 ILCS 5/5-1106, Defendant DUPAGE COUNTY, is empowered and directed to pay any tort judgment for compensatory damages (and any associated attorneys' fees and costs) for which an independently elected or appointed DuPage County officers, such as Defendant Mendrick, Defendant Lanenga and Defendant Atienza or their deputies/colleagues acting within the scope of their employment is found liable.

68. Defendant, DUPAGE COUNTY, is liable for any judgment rendered against Defendants, Mendrick, Lanenga and Atienza, or their deputies/colleagues for compensatory damages and associated attorneys' fees and costs.

## **JURY DEMAND**

Defendant hereby demands a trial by jury.

## **REQUEST FOR RELIEF**

WHEREFORE, the Plaintiff, Plaintiff, CRISTAL MORENO AGUILAR, as Independent Administrator of the Estate of RENEYDA AGUILAR-HURTADO, deceased requests that this Court grant her the following relief, jointly and severally against the named defendants:

(a) Award the Plaintiff, CRISTAL MORENO AGUILAR, as Independent Administrator of the Estate of RENEYDA AGUILAR-HURTADO, deceased compensatory

damages for pain, suffering, emotional distress, loss of society, pecuniary loss, grief and sorrow, medical bills, funeral and burial expenses and all other damages allowed under state and federal law in an amount to be determined by the finder of fact of this case;

(b) Award Plaintiff a judgment against Defendants for punitive damages in an amount as may be awarded by the finder of fact upon trial of this case.

(c) Award Plaintiff attorney's fees and costs pursuant to 42 U.S.C. §1988.

(d) Grant such further relief as the Court deems just and proper.

                            Respectfully submitted,
By:   /s/Michael C. Mead
                Faklis, Tallis & Mead, P.C.
                35 East Wacker Drive
                Suite 2250
                Chicago, Illinois 60601
                (312) 368-0550
                (312) 419-9876 - Fax
                Email: mmead@faklisandtallis.com

| STATE OF ILLINOIS | | COUNTY OF DU PAGE |
|---|---|---|
| | UNITED STATES OF AMERICA | |
| | IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT | |
| IN RE THE ESTATE OF<br><br>RENEYDA AGUILAR-HURTADO<br><br><br>DECEDENT | 2023PR000490<br>CASE NUMBER | **FILED**<br>23 Jul 05  PM 12: 36<br><br>*Candice Adams*<br>CLERK OF THE<br>18TH JUDICIAL CIRCUIT<br>DUPAGE COUNTY, ILLINOIS |

**ORDER APPOINTING REPRESENTATIVE AND ISSUING LETTERS OF OFFICE INTESTATE**

On the verified petition of CRISTAL MORENO AGUILAR for issuance of LETTERS OF OFFICE.

The Court having found as of the date of death, the gross value of the estate of the decedent, subject to administration in Illinois, is $0.00 of real estate and $1,000.00 of personal estate.

**1. IT IS HEREBY ORDERED:**

Letters of Office as INDEPENDENT ADMINISTRATOR shall be issued to CRISTAL MORENO AGUILAR.

**ORDER DECLARING HEIRSHIP**

After considering evidence concerning heirship, the Court declares that the decedent left surviving as his/her only heirs:

| Name | Relationship | Residence | Age | Portion |
|---|---|---|---|---|
| CRISTAL MORENO AGUILAR | daughter | 201 W. Michael Ln, Apt 2, Addison, IL 60101 | | 50% |
| GIOVANNI MORENO AGUILAR | son | 201 W. Michael Ln Apt 2, Addison, IL 60101 | 14 | 50% |

This cause is set for STATUS in Courtroom 2011 on 07/05/2024 at 09:00 AM.

**FOR INFORMATION ONLY:**

The following dates have been scheduled.

Date: 06/20/2024 Time: 09:00 AM Room: 2011 Purpose: STATUS.

Date: 07/05/2024 Time: 09:00 AM Room: 2011 Purpose: STATUS.

Submitted by: JOANNA LONG
Attorney Firm: LONG LAW OFFICE PC
DuPage Attorney Number: 297731          ☐ PRO SE
Attorney for: CRISTAL MORENO AGUILAR
Address: 2323 NAPERVILLE ROAD, SUITE 110
City/State/Zip:NAPERVILLE, IL, 60563
Phone number: 312-344-3644
Email : contact@jlonglaw.com

Entered: *Paul Fullerton*
JUDGE PAUL M FULLERTON
Validation ID : DP-07052023-1236-57422

Date: 07/05/2023

# EXHIBIT 1

| STATE OF ILLINOIS | | COUNTY OF DU PAGE |
|---|---|---|
| | UNITED STATES OF AMERICA | |
| | IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT | |
| IN RE THE ESTATE OF | 2023PR000490<br>CASE NUMBER | **FILED**<br>23 Jul 05   PM 12: 36<br>*Candice Adams*<br>**CLERK OF THE**<br>**18TH JUDICIAL CIRCUIT**<br>**DUPAGE COUNTY, ILLINOIS** |
| RENEYDA AGUILAR-HURTADO<br>DECEASED | | |

## LETTER OF OFFICE
### DECEDENT'S ESTATE

CRISTAL MORENO AGUILAR has been appointed INDEPENDENT ADMINISTRATOR of the estate of RENEYDA AGUILAR-HURTADO, deceased who died 06/12/2023, and is authorized to take possession of and collect the estate of the decedent, and to do all acts required of CRISTAL MORENO AGUILAR by law, pursuant to order of Court entered 07/05/2023 by Judge PAUL M FULLERTON.

**WITNESS: CANDICE ADAMS,** Clerk of Eighteenth Judicial Circuit Court, and the seal thereof, Wheaton, Illinois



Date : 07/05/2023

*Candice Adams*

Clerk of the Eighteenth Judicial Circuit

**CERTIFICATE**

I certify that this is a copy of the Letters of Office now in force and effect on this date in this estate

Name: JOANNA LONG
DuPage Attorney Number: 297731        ☐ PRO SE
Attorney for: CRISTAL MORENO AGUILAR
Address: 2323 NAPERVILLE ROAD, SUITE 110
City/State/Zip: NAPERVILLE, IL, 60563
Phone number: 312-344-3644
Email: contact@jlonglaw.com

# EXHIBIT 2

**CANDICE ADAMS, CLERK OF THE 18TH JUDICIAL CIRCUIT COURT ©**            Page 1 of 1
**WHEATON, ILLINOIS 60187-0707**
Visit http://www.i2file.net/dv to validate this document. Validation ID: DP-07052023-1236-57422