IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CRISTAL MORENO AGUILAR, as Independent Administrator of the Estate of RENEYDA AGUILAR-HURTADO, deceased, | )<br>)<br>)<br>) |
| Plaintiff, | ) Case No. 1:23-cv-04547 |
| vs. | )<br>) Judge: Honorable Manish S. Shah |
| DUPAGE COUNTY, *et al.*, | )<br>) Magistrate Judge: Sheila M. Finnegan |
| Defendants. | )<br>) |

### DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFF'S FIRST-AMENDED COMPLAINT

NOW COME Defendants, DuPage County, Sheriff James Mendrick, Amy Lanenga, Eric Morales, Russel Hayles, Alexander Corbo, Melissa Gustafson, and Heather Jasper, by and through their attorney, Robert B. Berlin, DuPage County State's Attorney, and his Assistants, Mark Winistorfer, Katherine Fahy, and Trevor Prindle, and for their opposed Partial Motion to Dismiss Plaintiff's First-Amended Complaint, state the following:

### INTRODUCTION[1]

Plaintiff, Crystal Moreno-Aguilar, as the independent administrator of the Estate of Reneyda Aguilar-Hurtado, deceased, has sued DuPage County ("DuPage"); Sheriff James Mendrick in his individual and official capacities ("Sheriff Mendrick"); Lt. Melissa Gustafson, a Lieutenant at the DuPage County Jail; Russel Hayles, a Sergeant at the DuPage County Jail; Amy Lanenga, a Corporal at the DuPage County Jail; and Deputies Eric Morales, Alexander Corbo, and Heather Jasper ("Correctional Defendants"), each of whom work at the DuPage County Jail. Plaintiff includes a claim

---

[1] The following facts are taken from the complaint and are presumed true for purposes of this motion only. *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

that Defendants Lanenga, Morales, Hayles, Corbo, Gustafson, and Jasper denied Plaintiff's decedent medical care in violation of 42 U.S.C. § 1983 (Count I). *See* ECF Dkt. 27. Plaintiff also includes claims against Sheriff Mendrick in his official capacity and DuPage County in her Denial of Medical Care claim. *See id.* Specifically, Plaintiff claims that the Sheriff and DuPage failed to implement various policies and procedures in Paragraphs 64 – 69 of the Amended Complaint. *See id.* In addition, Plaintiff brings an Illinois Wrongful Death Claim, based upon negligence, against the Correctional Defendants, Sheriff Mendrick, and DuPage (Count II). *See id.* Plaintiff also brings an Illinois Wrongful Death claim, based on willful and wanton conduct (Count III) against the same Defendants. *See id.* Plaintiff's Amended Complaint also includes a Survival Action based upon Illinois law and an Illinois Family Expense Act claim, each based upon negligence (Counts IV and VI) as well as willful and wanton conduct (Counts V and VII) against the Correctional Defendants, Sheriff Mendrick, and DuPage. *See id.*

Plaintiff also brings numerous counts against Defendants Martija, Corcoran, Findrick, Henning, and Atienza (the "Medical Defendants") including Illinois Wrongful Death based upon medical negligence (Counts VIII, XI, XIV, XVII, and XX), Illinois Survival Act claims based upon medical negligence (Counts IX, XII, XV, XVIII, and XXI), and Illinois Family Expense Act claims based upon medical negligence (Counts X, XIII, XVI, XIX, and XXII). *See id.* Plaintiff includes Sheriff Mendrick in his official capacity in each count. *See id.* Furthermore, Plaintiff names DuPage in each count and brings an additional separate claim of indemnity against it (Count XXIII).

The Correctional Defendants move to dismiss Counts II, IV, VI against them based on the Illinois Tort Immunity Act's provisions in 745 ILCS 10/2-202 and 745 ILCS 10/4-105. Sheriff Mendrick moves to dismiss Count I's *Monell* claim against him as inadequately pled and joins the Correctional Defendants in moving to dismiss Counts II, IV, and VI based on the Tort Immunity Act. DuPage moves to dismiss Plaintiff's *Monell* claim against it in Count I and moves to dismiss

Plaintiff's claims against it in Counts II – XXII as it does not employ or control the Defendants Plaintiff alleges engaged in wrongful conduct based on longstanding Illinois law and because Plaintiff's interests in ensuring that DuPage is added as a necessary party to both her *Monell* claims and to indemnify the other defendants in the Illinois State Law claims are adequately ensured by her indemnification claim against DuPage in Count XXIII.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) rests on whether the plaintiff has properly stated a claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff's pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. The pleading is not required to set forth detailed factual allegations, but it does require something more than basic, conclusory allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In particular, the pleading must contain allegations that "state a claim to relief that is plausible on its face." *Id.* (citing *Twombly*, 550 U.S. at 570). A claim is facially plausible when "the pleaded content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief. *Id.* Under *Iqbal* and *Twombly* the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Id.* (*applying Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007)).

Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* Accordingly, only factual allegations can form the basis of this liability; conclusory statements and regurgitated legal elements are disregarded. *McCauley v. City of Chicago*, 671

3

F.3d 611, 618 (7th Cir. 2011); *Iqbal*, 556 U.S. at 678–79. The pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Iqbal*, 556 U.S. at 678.

## ARGUMENT

### I. PLAINTIFF'S *MONELL* CLAIMS MUST BE DISMISSED UNDER *IQBAL* AND TWOMBLY FOR FAILURE TO PLAUSIBLY PLEAD LIABILITY.

A local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents; instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037–38, 56 L. Ed. 2d 611 (1978). In *McCormick v. City of Chicago*, the Seventh Circuit explained that, in order to sufficiently allege a section 1983 claim against a municipality, a plaintiff must allege that "(1) the [municipality] had an express policy that, when enforced, causes a constitutional deprivation; (2) the [municipality] had a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage within the force of law; or (3) plaintiff's constitutional injury was caused by a person with final policymaking authority. *McCormick v. City of Chicago*, 230 F.3d 319 (7th Cir.2000).

To state a *Monell* claim post-Iqbal, the plaintiff must plead factual content allowing the court to draw the reasonable inference that the municipality maintains the problematic policy or practice in question. *McCauley v. City of Chicago*, 671 F.3d 611 at 616 (7th Cir. 2011). Additionally, only factual allegations can form the basis of this liability; conclusory statements and regurgitated legal elements are disregarded. *McCauley*, 671 F.3d at 618; *Iqbal*, 556 U.S. at 678–79. General allegations as to certain policies and practices without identifying any policy, practice, or custom that can support a Monell

4

claim has been found to be insufficient. *See Smith v. Preston*, No. 11 C 2945, 2012 WL 698889, at *2 (N.D. Ill. Feb. 29, 2012) (J. Der-Yeghiayan).

Moreover, "[t]o survive a motion to dismiss a *Monell* claim, a plaintiff must 'plead facts that show that there is a true municipal policy at issue, not a random event.'" *See Barrios v. City of Chicago*, No. 15 C 2648, 2016 WL 164414, at *13 (N.D. Ill. Jan. 14, 2016) (J. Gottschall) (internal citations omitted). One incident of an alleged constitutional violation is insufficient to show a municipal custom or policy, "the plaintiff must allege a specific pattern or series of incidents that support the general allegation. *Young v. Peoria Cnty., Illinois*, No. 1:16-CV-01367-JBM, 2017 WL 6418888, at *7 (C.D. Ill. Dec. 15, 2017) *citing Hossman v. Blunk,* 784 F.2d 793, 796–97 (7th Cir. 1986) and *Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010). Although there is no bright-line rule for determining when conduct rises to the level of a policy, custom, or practice, "isolated incidents of allegedly unconstitutional conduct are insufficient to establish a widespread practice." *Nettles-Bey v. Burke, No.* 11 C 8022, 2015 WL 4638068, at *12 (N.D. Ill. Aug. 4, 2015) (J. Gottschall).

Not every decision by municipal officers automatically subjects the municipality to § 1983 liability. *Prembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986). Municipal liability attaches only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered. *Id.* at 481. The fact that a particular official—even a policymaking official—has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion. *Id.* at 481 – 482. Municipal liability under § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question. *Id.* at 483.

If pleading a pattern and practice claim, a plaintiff must allege facts that permit the reasonable inference that the practice is so widespread so as to constitute a governmental custom. *See McCauley* ,

671 F.3d at 618 (citing *Iqbal*, 556 U.S. at 683). The degree of specificity required is not easily quantified, but "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together and the required level of factual specificity rises with the complexity of the claim." *Id.* at 616–17. To succeed on a *de facto* custom theory, the plaintiff must demonstrate that the practice is widespread and that the specific violations complained of were not isolated incidents. *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017).

While it is not impossible for a plaintiff to demonstrate the existence of an unofficial policy or custom based on his (or her) own experience, it is "necessarily more difficult ... because 'what is needed is evidence that there is a true municipal policy at issue, not a random event.'" *Jordan v. Klamenrus, et al.*, No. 15 C 157, 2020 WL 4547879, at *5 (N.D. Ill. Aug. 6, 2020) (J. Durkin) (*quoting Grieveson v. Anderson*, 538 F.3d 763, 774 (7th Cir. 2008)). Misbehavior by one or a group of officials is only relevant where it can be tied to the policy, customs, or practices of the institution as a whole." *Id.* at *4, *quoting Rossi v. City of Chicago*, 790 F.3d 729, 737 (7th Cir. 2015). Specific actions of the Sheriff's employees at issue in Plaintiff's case alone, without more, cannot sustain a *Monell* claim based on the theory of a *de facto* policy. *Id.* at 344. Context matters, in some cases the nature and specifics of the underlying constitutional claim demand that more than one instance is needed to make out a plausible inference for the existence of a widespread but unwritten policy or custom. *Jackson v. Vill. of Just.*, No. 17-CV-07739, 2020 WL 1530734, at *4 (N.D. Ill. Mar. 31, 2020) (J. Chang); *Hutton v. City of Chicago*, No. 20-CV-03997, 2021 WL 809731, at *4 (N.D. Ill. Mar. 3, 2021) (J. Valderrama) (more than one instance must be alleged to make out a plausible inference of the existence of a widespread but unwritten policy or custom).

Here, while Plaintiff added allegations in her First-Amended Complaint, she still fails to point to any *specific facts* relating to an express policy or the custom, policies, and procedures of the DuPage County Sheriff's Office that would support her general assertions. In the First-Amended Complaint,

6

Plaintiff claims that Defendants Mendrick, Martija, and Corcoran had policy making authority and were responsible for making and enforcing policies and procedures relating to the provision of medical psychiatric care, recognizing and treating life-threatening medical and psychiatric conditions, and transferring detainees to the hospital when necessary. *See* ECF Dkt. 27 p. 15 ¶ 63. Plaintiff alleges that each Defendant failed to promulgate, train, and enforce policies and procedures for transferring detainees to the hospital when at risk of imminent death and in need of life-saving medical care (¶64); for medical staff and correctional officers to recognize life-threatening medical conditions such as severe malnutrition and dehydration resulting in multisystem organ failure and death (¶ 65); for medical and psychiatric staff to conduct timely evaluations and appropriate follow up with patients suffering from severe and life threatening psychiatric illness (¶ 66); for encouraging psychiatric patients with severe and life-threatening psychiatric illness to take medication or to take steps for involuntary medication when necessary (¶ 67); and for nursing staff to notify and obtain consults from physicians for patients suffering life-threatening medical conditions such as severe malnutrition and dehydration resulting in multisystem organ failure (¶68). Plaintiff claims that the misconduct the correctional defendants allegedly undertook was pursuant to the policy and practice of Defendants DuPage and Mendrick that:

> **(a)** **"as a matter of both policy and practice, the Defendants directly encourage the type of misconduct at issue here by failing to adequately train, supervise, and control its officers and their failure to do so constitutes deliberate indifference;**
>
> **(b)** **as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Defendants engage in actions similar to those alleged in this complaint; and**
>
> **(c)** **Defendants have failed to act to remedy the patterns of abuse described in the preceding subparagraphs, despite actual knowledge of the same, thereby causing the types of injuries here."**

*See id.* ¶ 69. The First-Amended Complaint fails to allege any actual policy, custom, or practice that caused the alleged violation. Rather, it alleges an absence of policy in the face of actual knowledge of a serious need to act that would constitute deliberate indifference. *See id.*

There are several problems with this approach. First, Plaintiff's allegations contained in ¶¶ 63 – 68 are simply allegations of wrongful conduct on the part of the individual defendants re-framed as failures on the part of the policy-makers to create policy against. *See* ECF Dkt. 27 ¶¶ 63 – 67. Paragraph 69 is simply a formulaic recitation of a *Monell* cause of action. A person who wants to impose liability on a municipality for a constitutional tort must show that the tort was committed (that is, authorized or directed) at the policymaking level of government. *Glisson v. Indiana Dep't of Corr.*, 849 F.3d 372, 379 (7th Cir. 2017).

In a situation such as this, a plaintiff must include facts to indicate that the policymakers at issue in the Sheriff's Office consciously decided not to include these polices, not that it had never thought about the issue and thus had nothing that could be called a policy. *Id.* at 379. It is true that the need for action may be so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need. *Id.* at 381. However, the prison physician, as the inmate's acting primary care doctor, is free to make his own, independent medical determination as to the necessity of certain treatments or medications, so long as the determination is based on the physician's professional judgment and does not go against accepted professional standards. *Holloway v. Delaware Cnty. Sheriff*, 700 F.3d 1063, 1074 (7th Cir. 2012). The deliberate indifference standard reflects a mental state somewhere between the culpability poles of negligence and purpose, and is thus properly equated with reckless disregard. *Perez v. Fenoglio*, 792 F.3d 768, 777 (7th Cir. 2015). Thus, there is a conflict between the nature of the Medical Defendants' jobs, including their reasonable discretion and exercise of judgment, and whether the Sheriff's Office needs to issue a policy. Therefore, plaintiff must plead

facts to indicate that there was a conscious decision not to take action in the face of an overwhelming need to act. That is absent here.

While ¶¶ 63 – 66 and 68 are each contained within the wrongful death counts against the Correctional and Medical Defendants there is no allegation that an incident like this had happened in the past or that Sheriff Mendrick had actual knowledge that a policy gap would create unconstitutional results. *Compare* ECF Dkt. 63 – 69 *with* ¶¶ 77, 110, 132, 155, and 178. Plaintiff does not include any facts that would indicate that the DuPage County Sheriff's Office was aware, or should have been aware, of the danger a policy gap created here. While it is clear that Plaintiff has properly pled negligence against many of the defendants in this case, it has not connected those negligent acts to a conscious decision to *not* implement a policy either in the face of other incidents or because, by their nature, constitutional violations would inevitably occur unless the Sheriff acted. For instance, Plaintiff alleges that the Sheriff's Office failed to promulgate policies and procedures to send an inmate experiencing a medical emergency to the hospital but this alone does not indicate that the Correctional Defendants or Medical Defendants were prevented from summoning an ambulance to send Plaintiff's decedent to the hospital. Plaintiff's allegations amount to claims that the isolated actions of individual employees caused harm to the Plaintiff's decedent and require more facts to connect the alleged unconstitutional actions with an official policy or custom of the DuPage County Sheriff's Office. Plaintiff fails to present a story that holds together in which any decision by Sheriff Mendrick, or any written policy, lack of a written policy, or any pattern or practice is the "moving force" behind Plaintiff's constitutional claims. Plaintiff offers nothing more than conclusory allegations. As such, Plaintiffs' *Monell* claim in Count I must be dismissed.

II. **THE CORRECTIONAL DEFENDANTS ARE GRANTED IMMUNITY FOR NEGLIGENCE CLAIMS BY THE ILLINOIS TORT IMMUNITY ACT, THUS COUNTS II, IV, AND VI SHOULD BE DISMISSED AGAINST THEM.**

9

The Illinois Tort Immunity Act, with respect to law enforcement officers, provides the following: A public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct. 745 Ill. Comp. Stat. Ann. 10/2-202. 745 ILCS 10/4-105 provides the following:

> **"Neither a local public entity nor a public employee is liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody; but this Section shall not apply where the employee, acting within the scope of his employment, knows from his observation of conditions that the prisoner is in need of immediate medical care and, through willful and wanton conduct, fails to take reasonable action to summon medical care. Nothing in this Section requires the periodic inspection of prisoners."**

745 Ill. Comp. Stat. Ann. 10/4-105 (West 2024). This definition shall apply in any case where a "willful and wanton" exception is incorporated into any immunity under this Act. "Willful and wanton conduct" as used in this Act means a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others or their property." 745 Ill. Comp. Stat. Ann. 10/1-210.

Section 4–105 does not establish a cause of action in negligence when read in conjunction with section 2–202 of the Tort Immunity Act. *See Zimmerman for Zimmerman v. Vill. of Skokie*, 183 Ill. 2d 30, 37, 697 N.E.2d 699, 704 (1998), abrogated on other grounds *by Coleman v. E. Joliet Fire Prot. Dist.*, 2016 IL 117952, 46 N.E.3d 741.[2] In *Zimmerman* the Illinois Supreme Court cited with approval the district court's actions in dismissing a claim against the defendants based on negligence surrounding the alleged failure to summon emergency medical treatment after the plaintiff's decedent attempted suicide. *See id.* Courts in the Northern District of Illinois have also found that Section 4-

---

[2] In *Coleman*, the circuit court and appellate court did not reach the issue of whether any statutory immunity applied, instead relying solely on the common law public duty rule. *See Carolan v. City of Chicago*, 2018 IL App (1st) 170205, ¶ 29, 121 N.E.3d 918, 928.

105 applies and bars claims against county sheriffs and sheriff's deputies based on negligence. *Cooper v. Off. of Sheriff of Will Cnty.*, 333 F. Supp. 2d 728, 732 (N.D. Ill. 2004) (J. Gettleman).

The Illinois Tort Immunity Act forecloses claims against public employees in circumstances covered by 745 ILCS 10/4-105 for negligence. Plaintiff's claim for wrongful death in Count II sounds in negligence against Defendants Lanenga, Morales, Hayles, Corbo, Gustafson, Jasper, and against Sheriff Mendrick in his official capacity as their employer. Count II should be dismissed as to those defendants.

### III. THE COUNTY OF DUPAGE WAS IMPROPERLY NAMED IN EVERY COUNT IN PLAINTIFF'S AMENDED COMPLAINT EXCEPT COUNT XXIII

Under Illinois law, a sheriff is an independently elected county officer and is not an employee of the county in which the sheriff serves. *Carver v. Sheriff of La Salle Cnty.*, 203 Ill. 2d 497, 512, 787 N.E.2d 127, 136 (2003). Accordingly, sheriffs answer to the electorate of the county from which they are elected, and not to the county board. *Id. citing Ryan* v. *County of* DuPage, 45 F.3d 1090, 1092 (7th Cir. 1995)."). It is well established that under Illinois law, the Sheriff does not act as an agent of the county. *Moy v. County of Cook*, 159 Ill.2d 519 (1994); *McMillian v. Monroe County, Ala.*, 520 U.S. 781, 795, nt. 10 (1997) (recognizing that an Illinois sheriff does not act as a county policymaker); *Ryan*, 45 F.3d at 1092; *Thompson v. Duke*, 882 F.2d 1180, 1187 (7th Cir.1989); *DeGenova v. Sheriff of DuPage County*, 209 F.3d 973 (7th Cir. 2000) ("Sheriff's office has a legal existence separate from the county and the State, and is thus a suable entity"); *Franklin v. Zaruba*, 150 F.3d 682 (7th Cir. 1998), cert. denied on other grounds, 119 S. Ct. 1033 (1999) ("[S]ection 1983 suits against sheriffs in their official capacities are in reality suits against the county sheriff's department rather than the county board.").

It is true that the County must indemnify the Sheriff and is a necessary party for that purpose only. *See Thompson v. Cook County*, 2023 WL2838449, at \*6 (N.D. Ill. Apr. 7, 2023) (J. Durkin); *see also Carver*, 203 Ill. 2d at 522 (Because the office of the sheriff is funded by the county, the county is therefore required to pay a judgment entered against a sheriff's office in an official capacity). "Because

11

state law requires the county to pay, federal law deems it an indispensable party to the litigation . . . counties must be named as parties and are entitled to remain in the suit, so that they may veto improvident settlements proposed (at their expense) by the independently elected officers." *Id.* at 948.

However, a plaintiff cannot maintain a section 1983 action against a county for "practices, policies, or actions" which are unrelated to that entity. *See Thompson v. Duke*, 882 F.2d 1180, 1187 (7th Cir. 1989). In *Thompson,* the Seventh Circuit found that Cook County could not be held liable under *Monell* for the policies and practices of the Cook County Sheriff's Office because the Cook County Jail, and the Cook County Department of Corrections, are solely under the supervision and control of the Sheriff of Cook County. *See id.* at 1187. The Court reasoned that the sheriff is an independently-elected constitutional officer who answers only to the electorate, not to the county. *Id.* at 1187

In *Nicholson v. Kramer*, the Court held that as a matter of law, a county is not responsible for the policies of the county sheriff. *Nicholson v. Kramer*, No. 18-CV-3274, 2021 WL 3367168, at *3 (N.D. Ill. Aug. 2, 2021)(J. Dow). This is because "in Illinois a sheriff is an independently elected county officer, not an employee of the county that he or she serves, and the deputies are employees of the Sheriff's Office." *Id.* at *3. The Plaintiff has not explained why the County should be a defendant to the Plaintiff's *Monell* claim while it still exists as a defendant to the Indemnity claim (Count XXIII).

As to Plaintiff's state law claims, although DuPage must be a named party, it cannot be liable for claims against the Sheriff's Office on the basis of the *respondeat superior* doctrine. *Cooper v. Off. of Sheriff of Will Cnty.*, 333 F. Supp. 2d 728, 737 (N.D. Ill. 2004)(J. Gettleman). At a minimum plaintiff must at least allege enough to raise its claim against the county above the level of sheer speculation and identify the means by which the county allegedly exerted control over the jail. *Leinenweber v. DuPage Cnty.,* No. 08 CV 3124, 2009 WL 458622, at *4 (N.D. Ill. Feb. 23, 2009)(J. Manning). Plaintiff is required to plausibly plead liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 - 556, 570 (2007). Plaintiff cannot do so against DuPage here.

While it is true that the County must *indemnify* the Sheriff and is a necessary party for that purpose only. *See Thompson* v. *Cook County,* 2023 WL2838449, at *6 (N.D. Ill. Apr. 7, 2023). This can be accomplished by Plaintiff's indemnification claim (Count XXIII). DuPage should be dismissed from all other counts.

IV. **PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST MENDRICK IN HIS INDIVIDUAL CAPACITY.**

Plaintiff's Amended Complaint purports to sue Sheriff Mendrick "in his individual and official capacities." *See* ECF Dkt. 1. However, Plaintiff's Amended Complaint does not include a count against Sheriff Mendrick individually. *See id.* Furthermore, there are no facts alleged in the Amended Complaint that indicate that Sheriff Mendrick had any personal involvement in this incident whatsoever. Sheriff Mendrick moves to dismiss any individual claims against him for failure to adequately plead them.

Except as otherwise provided by statute, a public employee, as such and acting within the scope of his employment, is not liable for an injury caused by the act or omission of another person. 745 Ill. Comp. Stat. Ann. 10/2-204 A jail official may be named as a defendant in his or her individual capacity in a §1983 claim when the official personally participated in or had personal knowledge of the types of acts or omissions that form the basis of the claim. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir.1996). A lack of well-pled facts that indicate that the sheriff had knowledge of the conditions will result in dismissal. *See Potts v. Moreci,* 12 F. Supp. 3d 1065, 1074 (N.D. Ill. 2013) (J. Lefkow).

A prisoner may not attribute any of his constitutional claims to higher officials by the doctrine of *respondeat superior*; "the official must actually have participated in the constitutional wrongdoing. *See Antonelli*, 81 F.3d at 1428. Although the Court in *Antonelli* makes a distinction between "localized" and "systemic" claims, such a claim would require Plaintiff to plead some facts to indicate that Sheriff Mendrick himself had actual knowledge of systemic practices within the jail that caused the death of

13

Plaintiff's decedent and either condoned or encouraged such activity. *See id*; *see also Sanders v. Sheahan*, 198 F.3d 626, 629 (7th Cir. 1999). The Court in *Sanders* specifically found that insufficient psychological treatment also reflects a localized, non-systemic violation; that claim must be dismissed as to the Sheriff and Jail administrator in their personal capacities. *Id.*

Plaintiff has not pled any facts to indicate that Sheriff Mendrick had any personal knowledge of Plaintiff's decedent's care. As discussed above, it is clear that Plaintiff's decedent's care is a "localized" claim as the Amended Complaint is bereft of facts to indicate that Sheriff Mendrick personally participated in a any actions that would indicate a "systemic" claim. This Court should dismiss claims against Sheriff Mendrick in his individual capacity.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendants Amy Lanenga, Eric Morales, Russel Hayles, Alexander Corbo, Melissa Gustafson, and Heather Jasper, request that this honorable Court dismiss Counts II, IV, VI of Plaintiffs' First-Amended Complaint with prejudice; Sheriff Mendrick moves to dismiss Count I's *Monell* claim against him and Counts II, IV, and VI; DuPage moves to dismiss Counts I – XXII against it; and all Defendants respectfully request any and all further relief deemed to be just and appropriate.

**Dated:** April 9, 2024                    Respectfully submitted,

                                            ROBERT B. BERLIN
                                            State's Attorney, DuPage County

                                            By: *s/ Mark Winistorfer*
                                            Mark Winistorfer

DuPage County State's Attorney's Office
Mark Winistorfer, Assistant State's Attorney
ARDC 6310510
Mark.Winistorfer@dupagecounty.gov
Trevor M.J. Prindle, Assistant State's Attorney
ARDC 6330307
Trevor.Prindle@dupagecounty.gov
Katherine M. Fahy, Assistant State's Attorney
ARDC 6308974
503 N. County Farm Road
Wheaton, Illinois 60187
630/407-8200

*Attorney for Defendants DuPage County, Sheriff James Mendrick, Amy Lanenga, Eric Morales, Russel Hayles, Alexander Corbo, Melissa Gustafson, and Heather Jasper*

## CERTIFICATE OF SERVICE

      I, Mark Winistorfer, an attorney, certify that on April 9, 2024, I caused to be electronically filed the foregoing Defendants' Patrial Motion to Dismiss Plaintiff's First-Amended Complaint with the Clerk of the Court through the CM/ECF system, which will send notices of electronic filing to all counsel of record.

                                            */s Mark Winistorfer*
                                            Mark Winistorfer
                                            Assistant State's Attorney